UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MIKE JONE and HIDIE JONES,

Plaintiffs,

-against-

Officer RYAN GALVIN, Shield No. 08096;
Officer ANTHONY TORRES, Shield No. 9832;
Sergeant EREK POWERS, Shield No. 8154; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 4095 (JBW) (MDG)

Jury Trial Demanded

## <u>NATURE OF THE ACTION</u>

1.      This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## <u>JURISDICTION AND VENUE</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiff Mike Jones ("Mr. Jones") is a resident of Kings County in the City and State of New York.  Mike Jones is married to plaintiff Hidie Jones.

7.      Plaintiff Hidie Jones ("Ms. Jones") is a resident of Kings County in the City and State of New York.  Hidie Jones is married to plaintiff Mike Jones.

8.      Defendant Police Officer Ryan Galvin, Shield No. 08096 ("Galvin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Galvin is sued in his individual and official capacities.

9.      Defendant Police Officer Anthony Torres, Shield No. 9832 ("Torres"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Torres is sued in his individual and official capacities.

10.     Defendant Sergeant Erek Powers, Shield No. 8154 ("Powers"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Powers is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     At approximately 7:30 a.m. on April 13, 2013, Mike Jones was brutally beaten by defendant officers inside of a tattoo parlor owned and operated by plaintiffs, located at 1009 Broadway in Brooklyn, New York.

15.     Defendants grabbed Mike Jones, violently threw him onto a sofa, sat on his legs and body and viciously beat him, including by punching him in his ribs, face and head with closed fists.

16.     Witnessing this vicious assault, Hidie Jones begged officers to stop beating her husband.

17.     As defendants took Mike Jones out of the store in handcuffs they slammed his head directly into a doorframe.

18.     When Hidie Jones asked defendants why they were arresting her husband, defendants responded by arresting her without probable cause or reasonable suspicion to believe she had committed any crime or offense.

19.    Defendants searched plaintiffs and no contraband was recovered.

20.    Plaintiffs were eventually taken to the 81st precinct.

21.    Mike Jones experienced heavy bleeding from the area on his head where defendants slammed him into a doorframe.

22.    Mike and Hidie Jones begged defendants to take Mr. Jones to a hospital but defendants refused.

23.    Laughing, defendants pointed a taser at Mike Jones and threatened to tase him.

24.    After repeatedly pleading for medical attention defendants contacted EMS and Mike Jones was taken to Woodhull Medical Center.

25.    Mike Jones required treatment as a result of defendants' assault including eight stitches to the left side of his head where defendants slammed him into a doorframe.

26.    Mr. Jones was eventually taken back to the 81st Precinct.

27.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mike Jones commit various offenses including assault in the second degree, a felony, and prepared false paperwork.

28.    Defendants falsely informed employees of the Kings County District Attorney's Office that they had observed Hidie Jones commit various offenses

including assault and prepared false paperwork.

29.     At no point did the officers observe plaintiffs commit a crime or offense.

30.     Plaintiffs were arraigned in Kings County Criminal Court.

31.     After approximately eighteen hours in custody, plaintiffs were released on their own recognizance.

32.     Mike Jones and Hidie Jones testified before a grand jury.

33.     The grand jury returned a no true bill against Hidie Jones.

34.     All charges against Mike Jones were dismissed on or about April 9, 2014.

35.     After his release from custody, Mike Jones returned to Woodhull Medical Center suffering from pain in his chest and ribs as a result of defendants' assault.

36.     Mike and Hidie Jones suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

### FIRST CLAIM
**Unlawful Stop and Search**

37.     Plaintiff Hidie Jones repeats and realleges each and every allegation as if fully set forth herein.

38.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff Hidie Jones without reasonable suspicion.

39.     As a direct and proximate result of this unlawful conduct, plaintiff Hidie Jones sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40.     Plaintiff Hidie Jones repeats and realleges each and every allegation as if fully set forth herein.

41.     Defendants violated the Fourth and Fourteenth Amendments because they arrested Hidie Jones without probable cause.

42.     As a direct and proximate result of this unlawful conduct, Hidie Jones sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

43.     Plaintiffs Mike Jones and Hidie Jones repeat and reallege each and every allegation as if fully set forth herein.

44.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiff Hidie Jones' arrest, and the criminal charges for which Mike Jones was prosecuted were false, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

46.     As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

49.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

50.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51.     The individual defendants created false evidence against plaintiffs.

52.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

53.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

54.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

55.     Plaintiff Mike Jones repeats and realleges each and every allegation as if fully set forth herein.

56.     The individual defendants were aware of a risk to plaintiff Mike Jones' need for medical care and failed to act in deliberate indifference to plaintiff's needs.

57.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

58.     As a direct and proximate result of this unlawful conduct, plaintiff Mike Jones sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

59.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

62.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:          December 19, 2014
                    New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiffs*